NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN MANUEL OROS
MORENO; MARIA GUADALUPE
MADRIZ RUBIO; ELYSA OROS
MADRIZ; BRANDON EMANUEL OROS
MADRIZ,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 23-1971

Agency Nos.
A209-391-996
A209-158-127
A209-158-128
A209-158-129

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2025**
Seattle, Washington

Before: GRABER, BEA, and BENNETT, Circuit Judges.

Petitioners, natives and citizens of Mexico, seek review of an order by the

Board of Immigration Appeals ("BIA"), which denied their claim for protection

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA adopted the immigration judge's ("IJ") decision in its entirety, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994). *See Lezama-Garcia v. Holder*, 666 F.3d 518, 524 (9th Cir. 2011). Thus, "we treat the IJ's decision as that of the BIA."[2] *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). "We review the denial of CAT relief for substantial evidence." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

1.     "The dispositive question in assessing a CAT claim is 'whether the alien is more likely than not to be tortured in the country of removal.'" *Id.* at 704 (quoting 8 C.F.R. § 1208.16(c)(4)). "To constitute torture, an act must inflict 'severe pain or suffering,' *and* it must be undertaken 'at the instigation of, or with the consent or acquiescence of, a public official.'" *Hernandez v. Garland*, 52 F.4th 757, 769

---

[1] Petitioners are Juan Manuel Oros Moreno, Maria Guadalupe Madriz Rubio, and their two children, who were both minors during the proceedings before the immigration judge. The BIA determined that the children were not eligible for CAT protection because they did not file their own applications for relief. Petitioners do not challenge that determination.

[2] For simplicity, we refer to the BIA and the IJ collectively as "the agency."

(9th Cir. 2022) (emphasis added) (quoting 8 C.F.R. § 1208.18(a)(1)).

Substantial evidence supports the agency's determination that Petitioners failed to show it was more likely than not that they would be tortured with the necessary government involvement or acquiescence. The agency noted that there is some "corruption at various levels of the Mexican government" and that it is "not inconceivable that there are officials in the area where [Petitioners] live that might be corrupt or live in fear themselves of the criminal group." It also considered the adult male Petitioner's testimony that he had "heard through the rumor mill that sometimes the police will arrest people and turn them over to the cartel." But the agency noted that this had never happened to Petitioners and that the police were not involved when the drug traffickers beat the adult male Petitioner. The agency also pointed to a news article that undermined Petitioners' claim that the government would acquiesce in their torture by drug traffickers, as the article reported that police had engaged in an "hours-long firefight" with alleged drug traffickers.

Assessing this evidence, the agency reasonably concluded that Petitioners had failed to show that the government would more likely than not acquiesce in *their* torture. Petitioners' evidence supporting government involvement or acquiescence was not particular to them, and generalized evidence is insufficient to meet an applicant's claim for CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and

crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard."); *Tzompantzi-Salazar*, 32 F.4th at 706 (similar).[3]

2.    Petitioners argue that we should remand their case because their counsel before the agency rendered ineffective assistance.  But we "require an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA."  *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).  Because Petitioners have not presented their claim to the BIA, we cannot review it.  *See id.* (denying petition for failure to satisfy the administrative exhaustion requirement).[4]

**PETITION DENIED.**

---

[3] Because Petitioners fail to satisfy the essential element of the required government involvement or acquiescence, we need not address their remaining assignments of error.

[4] The arguments raised for the first time in Petitioners' reply brief are forfeited or waived.  *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).